## Smith v. Gibson.

April 26, 1949.

S. J. Stallings for appellant.

H. Bemis Lawrence for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In January, 1946, appellant and appellee, in partnership, purchased a dwelling house in the City of Louisville. They agreed that they would contribute equally toward the purchase price and the upkeep of the house, and would share equally in the profits derived from the renting of extra rooms. Appellee was unmarried, but appellant was married and living with her husband at all times herein mentioned. All three took up their abode as contemplated in the agreement. Appellant's husband performed minor chores about the house and made some minor repairs. This work presumably was done to offset the value of his use of the house as living quarters. The husband was never a partner either in the ownership, or maintenance, of the property, however, about a year after the property was acquired he engaged an attorney to write appellee a letter stating that he desired a dissolution of the partnership. Appellee replied that the husband had no interest in the partnership or the property; however, shortly thereafter plaintiff and appellee agreed with each other to sell the house. Appellant's husband, without consulting appellee, engaged the services of a real estate agent to sell the house for his wife and her partner. Appellee subsequently acquiesced in this arrangement. The agent secured a purchaser acceptable to both partners; and, according to the testimony of appellee, appellant and the agent informed her that the purchase price was fixed at $8,000, and that appellee's share after payment of an outstanding loan and the brokerage commission would amount to the sum of $2,250. According to the testimony of appellant, the purchase price was not mentioned to appellee, but the latter agreed to sell her interest in the property to appellant for $2,250. When the deal was ready to close, appellant, her husband, and the real estate agent presented to appellee a deed which she executed without first having read it. The deed named her and appellant as

grantors, appellant's husband joining therein to waive his inchoate right of dower; and the purchasers, Mr. and Mrs. Van Cleave were named as grantees. The real estate agent testified that he did not disclose the true purchase price to appellee because "I was selling the property to Mrs. Van Cleave for Mr. Smith." Thereafter appellee discovered that the Smiths had obtained $10,500 for the property. She thereupon filed this action to recover the sum of $1,600 allegedly due her by reason of the sale of the property. She correctly arrives at the figure in the following manner:

| | | |
|---|---:|---:|
| Sale price | $10,500 | |
| Mortgage | | $2,300 |
| Brokerage commission | | 500 |
| | | 2,800 |
| Total due partners | | 7,700 |
| | $10,500 | $10,500 |
| Appellee, Mrs. Gibson's share of the balance of the purchase price | | $3,850 |
| Amount received | | 2,250 |
| Amount due | | $1,600 |

The Chancellor submitted the case to a Commissioner for his findings and report. The Commissioner reported the above facts, recommended that the Chancellor enter judgment in favor of appellee for $1,600, and in his report made the following statement: "Your Commissioner feels that this is one of the most flagrant cases of fraud and bad faith that he has ever seen. There seems to be no doubt that the defendants (appellant and her husband), together with Meers, the real estate broker, entered into a conspiracy to defraud the plaintiff (appellee). This is demonstrated by the testimony of both defendants, as well as by Meers. * * * A reading of the testimony convinces your Commissioner that the plaintiff (appellee) has been the victim of the defendants' machinations."

Appellant filed exceptions to this report which were overruled by the Chancellor, who entered judgment in favor of appellee in the sum of $1,600.

Appellant raises but one point in seeking reversal, viz., that appellee is estopped to rely on the false statement alleged to have been made to her when, by the exercise of ordinary diligence, she could have read the deed presented to her, and from it could have detected the alleged fraud. Appellee combats this contention by relying on the principles enunciated in Rankin v. Kelly, 163 Ky. 463, 173 S.W. 1151 and Hollowell v. Satterfield, 185 Ky. 397, 215 S.W. 63, which have been given universal application. Succinctly stated these principles are: There is no relation of trust or confidence known to the law which requires a higher degree of good faith than that of one partner to the other. Each is the confidential agent of the other, and neither will be permitted to reap a benefit for himself at the expense of the other, unless he makes known to the other all of the facts within his peculiar ken and not within the knowledge of his partner. The obligation of good faith extends to persons negotiating for a partnership and to persons dissolving such relationship, as well as those engaging in it.

We agree with the Commissioner and the Chancellor that the record discloses a clear cut case of perpetrated fraud. Appellant has not complied in any manner with the principles of good faith imposed on her in respect to her negotiations with her partner. Imposing complete confidence in appellant, appellee signed the deed without examining it. She felt that she was not dealing with her partner at arms length, and that she could take her word at face value. The rule above recited when applied to these facts would be sufficient to uphold the Chancellor's decision. But if it were otherwise, we would be compelled to reject appellant's contention that appellee is estopped to rely on misrepresentations when she could have "detected the fraud by reading the paper (deed) presented for her signature." The consideration in the deed is recited in the following language: "That for a valuable consideration paid, the receipt for which is hereby acknowledged, and for the following further considerations: The parties of the second part do hereby assume and agree to pay according to its terms and tenor, the balance due on the mortgage in favor of the Home Owners' Loan Corporation, dated December 14, 1933, and of record in deed book 1538, page 231, as

recorded in the clerk's office in the County court, Jefferson County, Kentucky, the original amount of which was Four Thousand, One Hundred Sixty ($4,160.00) Dollars, and for the further consideration of the payment of Four Thousand Two Hundred ($4,200.00) Dollars by the parties of the second part to Mattie Lou Smith, 649 South Floyd one of the parties of the first part, for which they have simultaneously, with the execution of this deed, executed their note payable to Mattie Lou Smith, of the parties of the first part in the sum of Four Thousand Two Hundred ($4,200.00) Dollars, with interest thereon at the rate of 6% per annum, * * *.''

The only language contained in the deed which refers to the consideration is the part we have quoted and we defy any one to ascertain from this language that the consideration was in excess of $8,000.

The judgment is affirmed.